**WAYNE GREENWALD, P.C.**
*Proposed Attorneys for the Debtor,*
*Gary B. Schaeffer*
**475 Park Avenue South**
**New York, New York 10016**
**212-983-1922**
**Wayne Greenwald (WMG 6758)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re                                                                       Case No.:
                                                                                  09-        -
GARY B. SCHAEFFER,                                        In Proceedings for
                                                                               Reorganization under
                        Debtor.                              Chapter 11
-------------------------------------------------------------------X

## DECLARATION UNDER LOCAL RULE 1007-3

Gary B, Schaeffer declares:

    1.    I am the above-named debtor and as such am fully familiar with the statements contained herein.

    2.    I submit this declaration in compliance with Rule 1007-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York:

**(I)    The nature of the debtor's business and a concise statement of the circumstances leading to the debtor's filing under chapter 11:**

The Debtor is engaged in real estate development and entrepreneurial activities. The crashing real estate and credit markets caused the Debtor's most recent project to fail economically. This impacted the Debtor's general financial condition. This case was precipitated by the Debtor's

- 1 -

mother obtaining a judgment against him and enforcing that judgment with the apparent intent to destroy him

**(ii)    If the case originally was commenced under chapter 7 or chapter 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any creditors' committee.**

    Not Applicable

**(iii)    The names and addresses of the members of, and attorneys for, any committee organized prior to the order for relief in the chapter 11 case, and a brief description of the circumstances surrounding the formation of the committee and the date of its formation:**

    Not Applicable

**(4)    The following information with respect to each of the holders of the 20 largest unsecured claims, excluding insiders:  the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the telephone number, the name(s) of person(s) familiar with the debtor's account, the amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured;**

    The Statement of the Debtor's Twenty Largest Creditors is Annexed

**(5)** **The following information with respect to each of the holders of the five largest secured claims: the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the amount of the claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed:**

| Creditor | Claim Amount | Collateral/Co-ops | Value |
|---|---|---|---|
| Arline Schaeffer<br>1400 South Ocean Blvd<br>Boca Raton, FL 33432 | $1,000,000 | 250 Mercer St<br>Apt B-1108<br>New York NY 10012 | $700,000 |
| Citi Mortgage Inc<br>Attention: Bankruptcy Departm<br>Po Box 79022, Ms322<br>St. Louis, MO 63179 | $880,000 | 2025 Broadway<br>Apt 21-K<br>New York NY | $1,400,000 |
| Citimortgage Inc<br>PO Box 9438<br>Gaithersburg, MD 20898 | $500,000 | 2025 Broadway<br>Apt 21-K<br>New York NY | $1,400,000 |
| Emigrant Mortgage<br>5 East 42nd Street<br>New York, NY 10017 | $330,000 | 250 Mercer St<br>Apt B-1108<br>New York NY 10012 | $700,000 |

**(6)** **A summary of the debtor's assets and liabilities:**

    Assets: $2,128,930 (approx)

    Liabilities: $3,925,773.22 (approx)

**(7)** **The number and classes of shares of stock, debentures, or other securities of the debtor that are publicly held, and the number of holders thereof, listing separately those held by each of the debtor's officers and directors and the amounts so held:**

    N/A

**(8)    A list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity and the court in which any proceeding relating thereto is pending:**

      None

**(9)    A list of the premises owned, leased, or held under other arrangement from which the debtor operates its business:**

| Location | Arrangement |
| --- | --- |
| 2025 Broadway<br>Apt 21K<br>New York, NY 10023 | co-owner |

**(10)    The location of the debtor's substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States:**

      2025 Broadway
      Apt 21K
      New York, NY 10023

**(11)    The nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent:**

      Schaeffer v. Schaeffer - Judgment Enforcement

      Rachfel v. Schaeffer - Pending

      106 West 69th Street LLC v. Smile Operating, LLC - Pending

**(12)    The names of the individuals who comprise the debtor's existing senior management, their tenure with the debtor, and a brief summary of their relevant responsibilities and experience.**

                The Debtor

**(b)    *Additional Information if Business Is to Continue*.  If the debtor intends to continue to operate its business, the affidavit shall so state and set forth:**

**(1)    The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, and partners) for the 30 day period following the filing of the chapter 11 petition:**   None

**(2)    The amount paid and proposed to be paid for services for the 30 day period following the filing of the chapter 11 petition --**

**(A)    If the debtor is a corporation, to officers, stockholders, and directors:**

      Not Applicable

**(B)    If the debtor is an individual or a partnership, to the individual or the members of the partnership:**

      The Debtor will be receiving a salary of $16,666.00 (gross) per month through his present employment.

**(C)  If a financial or business consultant has been retained by the debtor, to the consultant:**

      No

**(3)    A schedule, for the 30 day period following the filing of the chapter 11 petition, of**

**estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing.**

| | |
|---|---|
| estimated cash receipts: | $ 20,000.00 (gross) |
| estimated cash disbursements: | $ 18,847.00 |
| net cash gain or (loss): | $ 00.00 |
| obligations expected to accrue but remain unpaid: | $ 00.00 |

I declare the foregoing statements of fact to be true and correct under penalty of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
        December 2, 2009

　　　　　　　　　　　　　　　　　　__/s/ Gary B. Schaeffer_____
　　　　　　　　　　　　　　　　　　Gary B. Schaeffer