**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re                                                              Case No.:

                                                                   **09-17126-MG**
**GARY B. SCHAEFFER,**                               **In Proceedings for**
                                                                   **Reorganization under**
                                                                   **Chapter 11**

                           **Debtor.**
------------------------------------------------------------X

# DECLARATION OF PROPOSED ATTORNEY
# AND DISCLOSURE STATEMENT
# PURSUANT TO BANKRUPTCY CODE SECTIONS 329 AND 504 AND
# FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014

Wayne Greenwald, declares:

1. I am an attorney admitted to practice law in the State of New York, and before this Court.

2. I am the principal of the law firm of Wayne Greenwald, P.C. (sometimes referred to as "WGPC").

3. Neither I, WGPC nor any member or associate of WGPC insofar as I have been able to ascertain, has any connection with the Debtor, the Debtor's creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee; except that:

    A.) WGPC was the Debtor's pre-petition counsel in his efforts to avoid

-1-

       filing for bankruptcy relief and as a creditor of Maya Schaper.

    B.)    I acted as outside counsel to the Attorney General of the State of New York, Special Prosecutor's Office for Medicaid Frauds on bankruptcy and creditors' rights matters.  However, I have not rendered any services for several years. Nor was I ever involved in any matters concerning this Debtor.

    C.)    Between 1987 and 1993, while a partner at a different firm, I represented Citibank, N.A., and Citibank Mortgage.

    D.)    I have accounts with American Express, HSBC, Macy's, Bank of America,

    F.)    Through other, unrelated cases, I know the United States Trustee, members of her staff, counsel for creditors, or creditors themselfs (e.g. Rifkin Radler, Ian Gazes as Trustee.)

    G.)    WGPC and I may appear in the future in cases in which one or more of said parties or their attorneys may be involved.

4.    None of these factors will diminish the quality of services which my firm and I propose to render for the Debtor herein or is in conflict with such proposed services.

5.    Neither I, WGPC,  nor any member, counsel or associate of WGPC, insofar

as I have ben able to ascertain, represents interests adverse to the Debtors or its estate in the matters upon which WGPC is to be engaged.

6. The WGPC has received no promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as stated in the Debtor's Motion.

7. WGPC has no agreement with any other entity to share with such entity any compensation received by WGPC except as part of the compensation packages of the firm's professional employees and counsel for services actually rendered.

8. I am unaware of other facts which otherwise create the non-disinterestedness, actual conflict, or and impermissible potential for a conflict of interest.

9. Based on the foregoing, WGPC is a "disinterested person" as that term is defined in Bankruptcy Code Section 101.

10. I declare the foregoing statements of fact to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
      December 3, 2009

                                        /s/ Wayne M. Greenwald
                                          Wayne M. Greenwald