# WAYNE GREENWALD, P.C.
*Attorneys*

475 Park Avenue South - 26th Floor
New York, New York 10016
Tel: 212-983-1922   Fax: 212-983-1965
e-mail: grimlawyers@aol.com

W. M. Greenwald

*Via* ECF Filing and                                                                November 2, 2010
First Class Mail

Hon. Martin Glenn
United States Bankruptcy Judge
Southern District of New York
1 Bowling Green
New York, New York 10004

Re:     *In re Gary B, Schaeffer, Debtor*   **Chapter 11 Case No.. 09-17126 -mg**

Honorable Sir:

      In anticipation of tomorrow's conference call in this case and as Your Honor directed, this letter provides a status report in this case.

      The parties finalized the plan of reorganization. We anticipate filing the plan with an agreed on disclosure statement by November 9, 2010.

      The Debtor filed and served objections to claims. The hearing date is December 7, 2010. Copies of the objections were delivered to chambers.

      The Debtor changed his choice in real estate broker. The Debtor is engaging Douglas Elliman as his real estate broker. Yesterday afternoon, we received the executed declaration from a representative of Douglas Elliman. The retention motion will be filed shortly after this letter is filed.

      The Debtor and his mother asked the Court to consolidate the hearing on the disclosure statement with the plan of reorganization's confirmation hearing ("Consolidated Hearing"), See, 11 U.S.C. § 1125(f)(3). Your Honor requested authority for doing so in an individual chapter 11 case which does not specifically provide for a consolidated hearing.

WAYNE GREENWALD, P.C.

Hon. Martin Glenn
November 2, 2010
Page 2

    Bankruptcy Code Section 105(d)(2)(B)(vi) provides:

> (d) The court, on its own motion or on the request of a party in interest--
>
>     (2)    unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that– . . . .
>
>         (B)    in a case under chapter 11 of this title–. . .
>
>             (vi)    provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

    The Debtor found no decisions implementing this authority. However, doubtless, Congress would not have granted this authority if it was not to be exercised. *e.g. De Letelier v. Republic of Chile,* 748 F.2d 790 (2nd Cir. 1984)(Congress would not create a right without a remedy. ) *Director, Office of Workers' Compensation Programs, U. S. Dept. of Labor v. Forsyth Energy, Inc.*, 666 F.2d 1104, 1109 (Congress would not intend a purposeless result.) *ABB Indus. Systems, Inc. v. Prime Technology, Inc.*, 120 F.3d 351, 358 (2nd Cir. 1997)(Congress would not intentionally create a useless defense.).t

    Fed.R.Bankr.P. 1001 mandates that the Rules be "construed to secure the just, speedy, and inexpensive determination of every case and proceeding," This Court can exercise its authority under 11 U.S.C. § 105 to maintain judicial economy, *Patrick v. Dell Financial Services*, 366 B.R. 378, 388 (M.D.Pa. 2007).

    Fed.R.Bankr.P. 9006 ( c ) and 9007[1] authorizes this Court to abridge time periods and notice in the chapter 11 confirmation process. *See, In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr..S.D.Tex ,2009). *In re Florida Coastal Airlines, Inc.*, 361 B.R. 286, 292 (Bankr. S.D.Fla. 2007).

    Cause exists to have a Consolidated Hearing in this case. This is not now an overly complex case nor plan of reorganization. This case has few creditors. It also has one very active creditor who is thoroughly knowledgeable of every aspect of this case. That creditor even achieved a substantial distribution for the entire creditor body. That creditor's activity will continue in this case. A consolidated hearing will expedite payments to creditors at a reduced cost. It is doubtful that any creditor will become active in this case for a separate hearing on the disclosure statement's adequacy. In this case, separate hearings on the disclosure statement's

---

[1] ". . . .When feasible, the court may order any notices under these rules to be combined"

WAYNE GREENWALD, P.C.

Hon. Martin Glenn
November 2, 2010
Page 3

adequacy and confirmation will be a needless waste of time and resources.

    Accordingly, the Debtor and his mother, the largest creditor in this case, ask that this Court conduct a Consolidated Hearing on the plan of reorganization and disclosure statement.

    Thank you for your consideration.

    Respectfully

    /s/ Wayne M. Greenwald

    Wayne M. Greenwald

WG/ms
cc: Howard Kleinberg, Esq. (*via* email)
    Gary B. Schaeffer.