**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

In re

**GARY B. SCHAEFFER,**

                              Debtor.
-----------------------------------------------------------X

**Case No.**
**09-17126 - MG**
**In Proceedings for**
**Reorganization under**
**Chapter 11**

## ORDER CONFIRMING THE DEBTOR'S PLAN OF REORGANIZATION

The Bankruptcy Court having (I) approved  the "Debtor's Plan of Reorganization," dated

as of November 19, 2010, a copy of which is annexed hereto as Exhibit "A" and incorporated

herein, including the modifications described herein (the "Plan") and (II) conditionally approved

the Disclosure Statement and which was duly transmitted to holders of Claims against the Debtor

and other parties in interest in accordance with the "Order Pursuant to 11 U.S.C. § 1125(f) AND

Fed.R.Bankr.P. 2002, 3107, 3018 and 9006 (I) Conditionally Approving Adequacy of Disclosure

Statement, (ii) Setting Deadline to Object to the Confirmation of the Plan and Adequacy of the

Disclosure Statement, and (iii) Scheduling Combined Hearing for Confirmation of Plan and

Approving Disclosure Statement," dated December 7, 2010 (the " Disclosure Statement

Approval Order"), in which the Bankruptcy Court, among other things, approved solicitation

procedures, established the form of notice of the hearing and objection procedures in respect of

confirmation of the Plan, and set the date for the hearing on confirmation of the Plan; and a

hearing having been held before the Bankruptcy Court on January 5, 2011 (the "Confirmation

Hearing") to consider confirmation of the Plan; and due notice of the Confirmation Hearing

having been provided to holders of Claims against and against the Debtor and other parties in

interest, as established by the proof of service filed with the Bankruptcy Court, and such notice

being sufficient, and no further notice being required; and based upon and after full

consideration of the entire record of the Confirmation Hearing, including (A) the Plan, the

Disclosure Statement, the Disclosure Statement Approval Order, (B) the Debtor's memorandum

of law, dated January 4, 2011, in support of Confirmation of the Plan, and (C) evidence proffered

at the Confirmation Hearing; and (D) the certification of ballots filed herein; and there being no

objections to Confirmation of the Plan and all conditions to confirmation having been satisfied;

and the Bankruptcy Court being familiar with the Plan and other relevant factors concerning the

Debtor's Chapter 11 Cases; and the Bankruptcy Court being fully familiar with, and having

taken judicial notice of, the entire record of the Debtor's Chapter 11 Case; and upon the

arguments of counsel and the evidence proffered and adduced at the Confirmation Hearing; and

upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and

consideration and sufficient cause appearing therefor,

**IT IS HEREBY FOUND, CONCLUDED, ORDERED, ADJUDGED, AND DECREED, AS**

**FOLLOWS:**

### FINDINGS OF FACT[1]

Exclusive Jurisdiction; Venue; Core Proceeding; Judicial Notice; Burden of Proof

1.        Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction over the Chapter 11

Case. Venue is proper pursuant to 28 U.S.C. §140.

---

[1]  The Findings of Fact and Conclusions of Law contained herein constitute the findings of fact and conclusions of law required to be entered by this Court pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      Confirmation of the Plan is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(L), and

this Court has exclusive jurisdiction to determine whether the Plan complies with the

applicable provisions of the Bankruptcy Code and should be confirmed.

3.      This Court takes judicial notice of the docket of the Debtor's Chapter 11 Case maintained

by the Clerk of the Court including, without limitation, all pleadings and other documents

filed, all orders entered, and evidence and argument made, proffered, or adduced at the

hearings held before the Court during the pendency of the Chapter 11 Case, including,

but not limited to, the conference to consider the Debtor's application to consolidate the

hearing to consider the adequacy of the Disclosure Statement with the Confirmation

Hearing.

4.      The debtor as Plan proponent has the burden of proving the elements of 11 U.S.C. §

1129(a) and (b), by a preponderance of evidence, which he has satisfied.


Plan Proponent; Solicitation

5.      The Debtor is a person qualified to be a debtor under 11 U.S.C. § 109, and the Debtor is a

proper proponent of the Plan under 11 U.S.C. § 1121(c)).

6.      All persons required to receive notice of the Confirmation Hearing have received proper,

timely and adequate notice in accordance with the Disclosure Statement Order and have

had an opportunity to appear and be heard with respect thereto.

7.      Class 2 under the Plan is the only Class of Creditors under the Plan which is impaired, as

that term is defined by 11 U.S.C. § 1124, the Claims in Class 2 (Allowed Unsecured

Claims).

8.      Class 1 and Class 1A under the Plan are not impaired as that term is defined by 11 U.S.C.

        § 1124.

9.      Hence, the Debtor solicited votes in favor or against the Plan from Class 2 Creditors.

        The voting on the Plan was as follows:

        Number of Class 2 Claims Rejecting Plan     Number of Class 2 Claims Accepting Plan
        1 Claim Totaling        $131,000            3 Claims Totaling       941,335.89.

10.     Arline Schaeffer is the Debtor's mother and a Class 2 Creditor.  She has a hostile

        relationship with the Debtor and has no control over the Debtor.

11.     Accordingly, Arline Schaeffer is not an insider for the purposes of 11 U.S.C. §

        1129(a)(10).

12.     Aline Schaeffer's vote counts for the purpose of accepting or rejecting the Plan.

13.     The Debtor objected to the Claim of  106 West 69th Street, LLC, in the sum of $131.000.

14.     106 West 69th Street, LLC, did not ask to have its Claim allowed for voting purposes.

        Accordingly, 106's vote rejecting the Plan must be disqualified.

15.     Based on the voting, the Debtor's Plan was accepted by his creditors.


Payment of Professionals

16.     The Plan provides that any payment made or to be made by the proponent, by the Debtor,

        or by a person issuing securities or acquiring property under the Plan, for services or for

        costs and expenses in or in connection with the case, or in connection with the Plan and

        incident to the case, has been approved by, or is subject to the approval of, the Court as

        reasonable.

Disclosure of Management

17.     The Debtor disclosed the identity and affiliations of any individual proposed to serve,

after Confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an

affiliate of the Debtor participating in a joint plan with the Debtor, or a successor to the

debtor under the Plan; and the appointment to, or continuance in, such office of such

individual, is consistent with the interests of creditors and equity security holders and

with public policy; and the Debtor has disclosed the identity of any insider that will be

employed or retained, and the nature of any compensation for such insider.

"Best Interests" Test

18.     The "Best Interests" test set forth in 11 U.S.C. §1129(a)(7) requires a plan proponent to

demonstrate that with respect to each impaired class of claims or interests, the holder of

each claim or interest has either accepted the plan or will retain or receive under the plan

property of a value as of the effective date of the plan that is not less than the amount that

such holder would so receive or retain if the Debtor was to be liquidated under chapter 7

of the Bankruptcy Code.

19.     The holders of a Claim in each of respective Class of Creditor accepted the Plan pursuant

to 11 U.S.C. § 1126(f).

20.     The "best interest" test is, accordingly, satisfied.

21.     Additionally, the Liquidation Analysis annexed as Exhibit "B" to the Disclosure

Statement provides a summary of the liquidation value of the Debtor's assets.

22.     The Disclosure Statement reflects each holder of a Claim in such class will receive or

retain under the Plan, on account of the Claim or Interest, a value as of the Effective Date

that is equal to or greater than the amount that the holder would receive or retain if the

Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

23.    A liquidation under Chapter 7 would probably delay and diminish distributions to at least

some creditors. The information and conclusions in the Liquidation Analysis are

reasonable. Accordingly, in a chapter 7 liquidation scenario for the Debtor, Unsecured

Creditors would  receive no more than they would receive under the Plan and could even

receive no distribution.

24.    Accordingly, the Plan satisfies the "best interest" test of 11 U.S.C. §1129(a)(7) as to all

Classes and is fair and equitable to such claims and interests thus satisfying 11 U.S.C. §

1129(b)(1) and (b)(2).

25.    Based upon the Liquidation Analysis and the discussion of "best interest" test in the

Disclosure Statement, every claim holder will receive at least as much under the Plan as

they would receive in a chapter 7 liquidation.


Feasibility of the Plan

26.    The Plan is feasible because the Debtor has: a.) provided the funds necessary to make the

Initial Payment being made on the Payment Date; b.) has undertaken to sell the

Investment Property; and c.) demonstrated that he will have revenues sufficient to make

the payments required by the Plan.

27.    Accordingly, Confirmation of the Plan is not likely to be followed by the liquidation, or

the need for further financial reorganization, of the Debtor or any successor to the Debtor

under the Plan, unless such liquidation or reorganization is proposed in the Plan.

Payment of Fees

28.     The Plan provides that all fees payable under 28 U.S.C. § 1930, as determined by the

Court at the hearing on Confirmation of the Plan, have been paid or the Plan provides for

the payment of all such fees on the Confirmation Date of the Plan.

Domestic Support Order Compliance

29.     The debtor is required by a judicial order, to pay a domestic support obligations.  As

evidenced by entries in his  monthly operating  reports, the Debtor has paid all amounts

payable under such order that first became payable after the date of the filing of the

Petition.

30.      To the extent any of the foregoing findings of fact constitute conclusions of law, they are

adopted as such. To the extent any of the conclusions of law delineated below constitute

findings of fact, they are adopted as such.

## CONCLUSIONS OF LAW

31.     The Plan satisfies 11 U.S.C. § 1129(a)(1).

32.     The Disclosure Statement provides "adequate information" and satisfied 11 U.S.C. §

1125.

33.     11 U.S.C. § 1129(a)(1) requires that a plan comply with the applicable provisions of the

Bankruptcy Code. This Court finds and concludes that the Plan satisfies all the applicable

provisions of the Bankruptcy Code, and, as required by Bankruptcy Rule 3016(b), the

Plan is dated and identifies the Debtor as the proponent of the Plan.


Due and Proper Notice of the Disclosure
Statement Hearing and the Confirmation
Hearing Was Given to All Parties in Interest

34.     This Court has taken judicial notice of affidavits of service filed in this Chapter 11 Case

and finds and concludes that the Debtor complied in all material respects in providing

notices of the hearings to consider approval of the Disclosure Statement and

Confirmation of the Plan. All Entities entitled to receive notices of the hearings with

respect to the Disclosure Statement and Confirmation of the Plan pursuant to the

Bankruptcy Code, applicable nonbankruptcy law, and the orders of this Court have

received due, proper, timely and adequate notices of such hearings and have had an

opportunity to appear at and be heard at such hearings. *Mullane v. Central Hanover Bank
& Trust Co.*, 339 U.S. 306, 314 (1957).



The Plan Satisfies 11 U.S.C. § 1123(a)(1)

35.     11 U.S.C. §  1123(a)(1) provides that a plan must designate classes of claims and

interests. The Plan adequately and properly classifies all Claims and Interests required to

be so classified, and, accordingly, satisfies 11 U.S.C. § 1123(a)(1).  Classes of Statutory

Bankruptcy Fees, Administrative Expenses and Priority Tax Claims are not required to

be designated pursuant to 11 U.S.C. § 1123(a)(1).

<u>The Plan Satisfies  11 U.S.C. § 1122</u>

36.     11 U.S.C. § 1122(a) provides that a plan may place a claim or interest in a particular class

if such claim or interest is substantially similar to the other claims or interests of such

class. A classification structure satisfies 11 U.S.C. § 1122 when a reasonable basis exists

for the structure, and the claims or interests within each particular class are substantially

similar. *See In re Jersey City Medical Center*, 817 F.2d 1055, 1060-61 (3d Cir. 1987); *In

re U.S. Truck Co.*, 800 F.2d 581, 586 (6th Cir. 1986); *In re LeBlanc*, 622 F.2d 872, 879

(5th Cir. 1986).

37.     In accordance with 11 U.S.C. §  1122(a), Article II of the Plan separately classifies

Claims against and Interests in the Debtor together with Claims against that are

substantially similar to the other Claims or Interests of such class. The Plan, therefore,

satisfies 11 U.S.C. §  1122(a).

<u>The Plan Satisfies 11 U.S.C. § 1123(a)(2)</u>

38.     11 U.S.C. § 1123(a)(2)  provides that a plan must specify any class of claims or interests

that is not impaired under the Plan.  Pursuant to Articles II and III of the Plan, Class1 and

Class 1A are identified as not impaired.  Class 2 is impaired.

39.     Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(2)

<u>The Plan Satisfies 11 U.S.C. § 1123(a)(3)</u>

40.     11 U.S.C. § 1123(a)(3) provides that a plan must specify the treatment of each impaired

class of claims and equity interests. Articles II and III of the Plan specify the one

impaired class of Claims and its treatment.

<u>The Plan Satisfies 11 U.S.C. § 1123(a)(4)</u>

41.     11 U.S.C. § 1123(a)(4) requires a plan to provide the same treatment for each claim or

interest of a particular class, unless the holder of the claim or interest agrees to less

favorable treatment of such particular claim or interest. The Plan provides the same

treatment for each Claim or Interest in each class unless the holder thereof agreed to a

less favorable treatment. Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(4).

<u>The Plan Satisfies 11 U.S.C. § 1123(a)(5)</u>

42.     11 U.S.C. § 1123(a)(5) provides that a plan must provide adequate means of

implementation of the plan. Articles III, VIII, XII and XIV of the Plan set forth the means

for implementation and execution of the Plan through a.) the Initial Payment being made

on the Payment Date; b.) the sale of the Investment Property; and c.) using personal

income to make the payments.   Accordingly, the Plan satisfies 11 U.S.C. § 1123(a)(5).

<u>The Plan Satisfies 11 U.S.C. § 1123(a)(6)</u>

43.     11 U.S.C. § 1123(a)(6) requires a plan to provide for the inclusion in the charter of the

debtor, if the debtor is a corporation, or of any corporation to which the debtor transfers

all or any part of the debtor's estate or with which the debtor has merged or consolidated,

of a provision prohibiting the issuance of non-voting equity securities. The Debtor is an

individual. 11 U.S.C. § 1123(a)(6) does not apply.


The Plan Satisfies 11 U.S.C. § 1123(a)(7)

44.     11 U.S.C. § 1123(a)(7)  requires that the manner of selection of any director, officer or

trustee of the reorganized debtor, or any successor to such officer, director or trustee, be

consistent with the interests of creditors and equity security holders and with public

policy. The Plan and Disclosure Statement provide that the Debtor will liquidate and

distribute certain of the Debtor's assets and future income  to creditors.


The Transfers of Properties Under the Plan
Are Governed by the Exemptions Provided
by 11 U.S.C. § 1146(c)

45.     Pursuant to 11 U.S.C. § 1146(c) , the issuance, transfer or exchange of a security, or the

making or delivery of an instrument of transfer under a confirmed plan may not be taxed

under any law imposing a stamp tax or similar tax. The Plan contemplates the sale of real

property or the issuance of any separate instrument of transfer.

46.     In fact, the Plan cannot "go effective" unless and until the closing on the Investment

Property actually occurs. Pursuant to 11 U.S.C. § 1146(c), the issuance or transfer of

security, or the making or delivery of an instrument of transfer under the Plan, will not be

subject to taxation under any law imposing a stamp, transfer or similar tax. *In re 995

Fifth Ave. Assocs.,* 963 F.2d 503 (2d Cir. 1992).


The Debtor  Satisfied 11 U.S.C. § 1129(a)(2)

47.     11 U.S.C. § 1129(a)(2)  requires the proponent of a plan to comply with all of the

applicable provisions . The Debtor, as proponent of the Plan, has complied with all of the

provisions  and the Bankruptcy Rules governing notice, and disclosure in connection

with the Plan, the Disclosure Statement and all other matters considered by this Court in

connection with this Chapter 11 Case. *In re Johns-Manville Corp*., 68 B.R. 618, 630

(Bankr. S.D.N.Y. 1986), *aff'd*, 78 B.R. 407 (S.D.N.Y. 1987).

48.     The Debtor has substantially complied with the operating guidelines and financial

reporting requirements enacted by the United States Trustee by, among other things,

filing operating reports and financial statements and maintaining and providing proof of

insurance.

49.     The Plan provides that the Debtor's estate shall pay all statutory bankruptcy fees required

to be paid during the Chapter 11 Case, the reorganized Debtor shall remain liable to pay

all Statutory Bankruptcy Fees accrued subsequent to the Confirmation Date, and the

Post-Confirmation Trustee shall file all fee statements required to be filed.

50.     The Debtor has timely filed with the Court all schedules, lists of executory contracts, and

statements of financial affairs.

51.     Sufficient and timely notice of the Confirmation Hearing and all other hearings in this

Chapter 11 Case has been given to holders of Claims and Interests and other parties in

interest.

52.      The Debtor substantially complied with all applicable provisions the Bankruptcy Rules

and all orders of this Court and has fulfilled all of the obligations and duties owed to the

estate and its creditors. To the extent that the Debtor did not comply with this Court's

orders, there has been no injury to the Debtor's estate or creditors.

53.     Accordingly, the Debtor satisfied 11 U.S.C. § 1129(a)(2) .


The Plan Satisfies 11 U.S.C. § 1129(a)(3)

54.     11 U.S.C. § 1129(a)(3)  states that a plan must be proposed in good faith and not by any

means forbidden by law. *See Kane v. Johns-Manville Corp*., 843 F.2d 636, 649 (2d Cir.

1988), citing *Koelbl v. Glessing (In re Koelbl),* 751 F.2d 137, 139 (2d Cir.1984) (quoting

*Manati Sugar Co. v. Mock*, 75 F.2d 284 (2d Cir. 1935)); *In re Texaco Inc.*, 84 B.R. 893,

899 (Bankr. S.D.N.Y.), appeal dismissed, 92 B.R. 38 (S.D.N.Y. 1988).

55.     This Court has examined the totality of circumstances surrounding the formulation of the

Plan. The Plan is based on good faith and arm's-length negotiations among the Debtor,

creditors, and the Office of the United States Trustee.  The Plan and the Disclosure

Statement reflect the culmination of such efforts.

56.     The payment to Creditors well in excess of what Creditors would receive in a liquidation

through the Debtor dedicating future income to payments achieves the goal of

reorganization embodied in the Bankruptcy Code. Thus, the Debtor  complies with the

"good faith and not by any means forbidden by law" requirement of 11 U.S.C. §

1129(a)(3).


The Plan Satisfies 11 U.S.C. § 1129(a)(4)

57.    11 U.S.C.  § 1129(a)(4)  requires that "any payment made or to be made by the proponent, by the debtor or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, have been approved by, or is subject to the approval of, the court as reasonable."

58.    All payments made by the Debtor on account of out of the ordinary course of business transactions have been approved by the Court as reasonable, and all payments made or to be made to professionals retained by orders of the Court for fees and expenses incurred prior to Confirmation, will be, as set forth in the Plan, subject to review and approval by this Court upon final application under 11 U.S.C. §§ 330, 331 or 503(b) or 506(b) . Accordingly, the Plan satisfies 11 U.S.C.  1129(a)(4).

<u>The Plan Satisfies 11 U.S.C.  1129(a)(5)</u>

59.    11 U.S.C.  1129(a)(5)  requires the proponent of a plan to disclose the identity and affiliations of any individual proposed to serve, after confirmation, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor or a successor to the debtor under the plan, and to show that the appointment to, or continuance in, such office of such individual is consistent with the interests of creditors and equity security holders and with public policy. 11 U.S.C. §  1129(a)(5) also requires disclosure of the identity of any insider that will be employed by the reorganized debtor, and the nature of any compensation for such insider.

60.     The Plan and the Disclosure Statement disclose that the Debtor will continue to operate

and manage his affairs Post-Confirmation.

61.     The Debtor managing his own affairs and assets is consistent with the interests of

creditors and with public policy. Accordingly, the Plan satisfies 11 U.S.C. §1129(a)(5) .

<u>11 U.S.C. 1129(a)(6) Is Not Applicable to the Plan</u>

62.     11 U.S.C. §1129(a)(6) requires a debtor to obtain the approval of any governmental

regulatory commission, with jurisdiction over the debtor, with respect to any rate changes

provided for in the debtor's plan of reorganization.

63.     The Plan does not provide for any changes in rates that require regulatory approval of

any governmental agency. Thus, 11 U.S.C. 1129(a)(6) is inapplicable.

<u>The Plan Satisfies 11 U.S.C. 1129(a)(7)</u>

64.     11 U.S.C. § 1129(a)(7) requires each creditor or equity interest holder in an impaired

class to accept the plan of reorganization or receive or retain under such plan on account

of such claim or interest property of a value, as of the effective date of such plan, that is

not less than the amount that such holder would receive or retain if the debtor were

liquidated under chapter 7 . *In re Crowthers McCall Pattern, Inc.,* 120 B.R. 279, 297

(Bankr. S.D.N.Y. 1990).

65.     Based upon the Findings of Fact contained in this Confirmation Order, the Liquidation

Analysis provided in the Disclosure Statement, this Court concludes that the Plan

satisfies the "best interest" test under 11 U.S.C. § 1129(a)(7) .

The Plan Satisfies 11 U.S.C.  1129(a)(8)

66.     11 U.S.C. § 1129(a)(8)  requires that, with respect to each class of claims or interests
        under a plan, such class has either accepted the plan or is not impaired under the plan.

67.     According to the terms of the Plan as well as representations made on the record during
        this case, including at the Confirmation Hearing, all Classes either voted to accept the
        Plan or are deemed to have accepted the Plan because they are not impaired.

The Plan Satisfies 11 U.S.C. §  1129(a)(9)

45.     11 U.S.C. § 1129(a)(9)  provides for certain mandatory treatment of claims entitled to
        priority under the Bankruptcy Code.

46.     As required by 11 U.S.C. § 1129(a)(9)(A) , Plan provides that, except as otherwise
        agreed to by a holder of an Allowed Claim, such holder shall be paid on account of such
        Allowed Claim, in full, in cash on the Effective Date. In addition, pursuant to the Plan,
        all payments made or to be made (as Administrative Expenses) to professionals will be
        subject to review and approval by this Court upon final application under 11 U.S.C. §§
        330, 331, 503(b) or 506(b) .

68.     Moreover, Statutory Bankruptcy Fees due and owing as of the Confirmation Date shall
        be paid in full, in cash, as soon as practicable after the Confirmation Date,

69.     Consistent with 11 U.S.C. § 1129(a)(9)(B) and (C) ,  the Plan also provides that: a.)
        Allowed Secured Claims, Allowed Priority Claims, Allowed Priority Tax Claims, shall
        be paid in full, in cash, eleven days after the Confirmation Date; b.) Allowed

Administrative Claims will be paid  as soon as practicable after the Effective Date and in

no event later than ten days after the date such respective Claims become Allowed

Claims.

70.    Accordingly, the Plan satisfies 11 U.S.C. §  1129(a)(9).


The Plan Satisfies 11 U.S.C. §  1129(a)(10)

71.     11 U.S.C. § 1129(a)(10)  provides that at least one impaired class of claims must accept

a plan of reorganization, determined without including any acceptance of such plan by

any insider.

72.    The Plan satisfies 11 U.S.C.  § 1129(a)(10)  because Class 2 is impaired and voted to

accept the Plan.

73.    The Debtor's mother, Arline Schaeffer is the Debtor's mother and a Class 2 Creditor.

Ordinarily, Ms. Schaeffer would be considered an "insider" by definition 11 U.S.C. §

101(31)(A).

74.    However, the definition is a rebuttable presumption that the person defined as an insider

actually possesses an insider's characteristics. *See In re Foothills Texas, Inc*., 408 B.R.

573, 579 (Bankr. Del. 2009) (Held that it is presumed that a person holding the title of an

officer is an insider. However, that presumption is rebuttable by submitting evidence

establishing that the officer is not participating in the debtor's management). See also

*Butler v. Shaw,* 72 F.3d 437, 443 (4th Cir. 1996) ("although [the Appellee] held the title

of manager, he exercised no managerial authority."); *In re NMI Systems, Inc*. 179 B.R.

357, 369-70 (Bankr. D.D.C. 1995).

75.    In this Order's Findings of Fact, the Court found that Arline Schaeffer has an extend

hostile relationship with the Debtor and that she exercises no control over the Debtor.

76.    This hostile relationship negates the presumption that Ms. Schaeffer is an insider.  *See,*

*Miller v. Schuman (In re Schuman),* 81 B.R. 583, 585-86 ( B.A.P. 9th Cir. 1987),

*Anderson v. Sticka (In re Anderson)*, 165 B.R. 482, (Bankr. D. Ore 1994).

77.    Accordingly, Arline Schaeffer is not an insider for the purposes of 11 U.S.C. §

1129(a)(10) and her vote counts for the purpose of accepting or rejecting the Plan.

78.    The Debtor objected to the Claim of  106 West 69th Street, LLC, in the sum of $131.000.

79.    106 West 69th Street, LLC, did not ask to have its Claim allowed for voting purposes.

Accordingly, 106 West 69th Street, LLC' s vote rejecting the Plan is disqualified from

voting to accept or reject the Plan. *In re Quigley Co., Inc.*, 383 B.R. 19, (Bankr. S.D.N.Y.

2008),  *Jacksonville Airport, Inc. v. Michkeldel, Inc.* , 434 F.3d 729, 731 (4th Cir. 2006).

80.    Based on this, the Plan satisfies 11 U.S.C. § 1129(a)(10).


The Plan Satisfies 11 U.S.C. § 1129(a)(11)

81.    11 U.S.C.  §1129(a)(11)  requires that a plan be feasible and that the debtor or its

successor under such plan would not likely require liquidation or further financial

reorganization, except as provided under such plan. *In re Clarkson*, 767 F.2d 417, 420

(8th Cir. 1985) *(citing Chase Manhattan Mortgage & Realty Trust v. Bergman (In re*

*Bergman)*, 585 F.2d 1171, 1179 (2d Cir. 1978)); *In re Texaco, Inc*., 84 B.R. 893, 907

(Bankr. S.D.N.Y. 1988) *(citing In re Johns-Manville Corp.,* 68 B.R. 618, 635 (Bankr.

S.D.N.Y. 1986), aff'd, 78 B.R 407 (S.D.N.Y. 1987)).

82.    The Plan sets forth the means of its execution.

83.    The Plan is feasible because the Debtor: a.) provided the funds necessary to make the Initial Payment being made on the Payment Date; b.) has undertaken to sell the Investment Property; and c.) demonstrated that he will have revenues sufficient to make the payments required by the Plan.

84.    This will enable the Debtor to make the payments under the Plan and avoid the need for a subsequent reorganization or liquidation.

85.    Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(11).


The Plan Satisfies § 11 U.S.C. 1129(a)(12)

86.    11 U.S.C. §1129(a)(12) requires that all fees payable under 28 U.S.C. § 1930, as determined by the court at the hearing on confirmation of the plan, either have been paid or the plan provides for the payment of all such fees on the effective date of the plan.

87.    The Plan provides for the payment of Statutory Bankruptcy Fees, which includes all fees payable under 28 U.S.C. § 1930, on the Confirmation Date which precedes the Effective Date.

88.    All post-confirmation fees that are payable will be paid by the reorganized Debtor pursuant to the terms of the Plan until the Chapter 11 Case is closed.

89.    Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12) .

<u>The Plan Satisfies 11 U.S.C. § 1129(a)(13)</u>

90.     11 U.S.C. § 1129(a)(13) requires the continuation of payment of all retiree benefits, at
the level established pursuant to 11 U.S.C.§ 1114 at any time prior to confirmation of the
plan, for the duration of the period the debtor has obligated itself to provide such
benefits.

91.     The Debtor has no retirees or retiree benefits plan.

92.     Accordingly, 11 U.S.C. § 1129(a)(13) is inapplicable.


The Plan Satisfies 11 U.S.C. § 1129(a)(14)

93.     11 U.S.C. § 1129(a)(14) requires that where a debtor is required by a judicial or
administrative order, or by statute, to pay a domestic support obligation, the debtor has
paid all amounts payable under such order or such statute for such obligation that first
become payable after the date of the filing of the petition.

94.     The Debtor is required by a judicial order, to pay a domestic support obligations. As
evidenced by entries in his monthly operating reports, the Debtor has paid all amounts
payable under such order that first became payable after the date of the filing of the
Petition.

95.     The Plan satisfies 11 U.S.C. § 1129(a)(14)


The Plan satisfies 11 U.S.C. § 1129(a)(15)

96.     11 U.S.C. § 1129(a)(15) requires that in a case in which the debtor is an individual and a
holder of an allowed unsecured claim objects to the confirmation of the plan, the: (A) the
value, as of the effective date of the plan, of the property to be distributed under the plan

on account of such claim is not less than the amount of such claim; or (B) the value of

the property to be distributed under the plan is not less than the projected disposable

income of the debtor (as defined in section 11 U.S.C. § 1325(b)(2)) to be received during

the 5-year period beginning on the date that the first payment is due under the plan, or

during the period for which the plan provides payments, whichever is longer.

97.    The Debtor is an individual.  However, there is no objection to Plan confirmation.

98.    Accordingly, 11 U.S.C. § 1129(a)(15) is satisfied.


The Plan Satisfies 11 U.S.C. § 1129(d)

99.    11 U.S.C.  1129(d)  provides that, on request of a governmental unit, the court may not

confirm a plan if its principal purpose is the avoidance of taxes or the avoidance of the

application of 11 U.S.C.  5 of the Securities Act of 1933, as amended.

100.    No objection was filed and based on the contents of the Plan and Disclosure Statement,

the purpose of the Plan is not avoidance of taxes or avoidance of the requirements of

Section 5 of the Securities Act of 1933, as amended.

101.    Accordingly, the Plan satisfies 11 U.S.C.  § 1129(d).


## DECRETAL PROVISIONS

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.    In accordance with 11 U.S.C. §§ 105 and 1129,  the Plan is hereby approved in all

respects and is confirmed.

2.    The record of the Confirmation Hearing is closed.

3.      The Payment Date and  Effective Date of the Plan shall occur as set forth in the Plan.

4.      In accordance with 11 U.S.C. § 1141(a)  and Section 16.06 of the Plan, upon entry of this

Confirmation Order, the Plan shall be binding upon and inure to the benefit of the Debtor

and his successors and assigns, and the holders of Claims (whether they voted to accept

the Plan, whether they are  impaired under the Plan, and whether any such holder has

filed or is deemed to have filed a Proof of Claim). The rights afforded in the Plan and the

treatment of all Claims and Interests therein shall be in exchange for and in complete

satisfaction, discharge, and release of all Claims of any nature whatsoever, known or

unknown, including any interest accrued on or expenses incurred in connection with such

Claims from and after the Commencement Date, against the Debtor, his  estate, assets,

properties or interests in property. Except as otherwise provided in the Plan, (i) on the

Effective Date, all such Claims against the Debtor or his estate shall be deemed satisfied

in full, discharged and released, by the consideration provided for in the Plan, and (ii) all

persons and entities shall be precluded from asserting against any of the Debtor, his

estate, or his assets or properties claims arising against the Debtor, any other or further

Claims or Interests based upon any act or omission, transaction, or other activity of any

kind or nature that occurred prior to the Effective Date, with the exception of the right to

enforce the Plan.

5.      In accordance with 11 U.S.C. § 105(a) , and except as otherwise set forth in the Plan, this

Confirmation Order or by agreement between or among the parties, on and after the

Effective Date, all persons and entities that held, hold, or may hold Claims against the

Debtor that arose or arise at any time prior to the Effective Date shall be permanently

enjoined from (a) commencing or continuing in any manner any action or other

proceeding of any kind against the Debtor with respect to any such Claim, (b) the

enforcement, attachment, collection, or recovery by any manner or means of any

judgment, award, decree, or order against the Debtor with respect to any such Claim  and

(c) creating, perfecting or enforcing any lien of any kind against the Debtor or against

any property or interest in property of the Debtor, with respect to any such Claim  with

the exceptions of the right to enforce the Plan.

6.      Pursuant to Section 8.01 of the Plan, in implementation of the Plan, except as otherwise

expressly provided in this Plan (including obligations in respect of Claims as at the

Effective Date): (a) all Persons who have held, hold or may hold Claims or Interests

against the Debtor are permanently enjoined on and after the Payment Date: (i) from

commencing or continuing in any manner, directly or indirectly, any action or other

proceeding of any kind with respect to any such Claim or Interests against the Debtor or

the property of the Debtor with respect to any such Claim or Interests, (ii) from the

enforcement, attachment, collection or recovery by any manner or means, directly or

indirectly, of any judgment, award, decree, or order against the Debtor or the property of

the Debtor, (iii) from creating, perfecting or enforcing, directly or indirectly, any

encumbrance of any kind against the Debtor, or against the property of the Debtor, with

respect to any such Claim or Interests, (iv) from asserting, directly or indirectly, any set-

off, right of subrogation, or recoupment of any kind against any obligation due the

Debtor, or against the property of the Debtor with respect to any such Claim or Interests,

and (v) from any act, in any manner, in any place whatsoever, that does not conform to or

comply with the provisions of the Plan and/or this Confirmation Order.  Nothing shall
prohibit the holder of a timely filed Claim to which the Debtor has timely filed an
objection from litigating his right to seek to have such Claim declared an Allowed Claim.

7.      In accordance with 11 U.S.C. § 1141(b) , except as otherwise expressly provided in the
Plan and this Confirmation Order, all property of the estate of the Debtor shall be
transferred to the Debtor, subject to the exclusive custody and control of the Debtor, free
and clear of all liens, security interests, claims and interests of holders of Claims, and all
such liens, security interests, claims and interests shall be extinguished to be liquidated,
with such property to be liquidated, distributed or abandoned, as the case may be
pursuant to the applicable provisions of the Plan.

8.      In accordance with 11 U.S.C. § 1142 , following entry of this Confirmation Order, the
Debtor is authorized to enter into the transactions described in Article XII of the Plan
(Means of Implementation of the Plan), and is authorized and empowered to take all
actions to issue, execute, deliver, file, and record all documents appropriate or necessary
to implement or effectuate the transactions contemplated thereunder.

9.      In accordance with 11 U.S.C. § 1142 , upon entry of this Confirmation Order and subject
to the occurrence of the Effective Date, the provisions for implementation of the Plan
shall be deemed authorized and approved in all respects.

10.     The provisions in Section 6.06 and Article XI of the Plan governing the procedures for
resolving Disputed Claims, establishing the Reserve Fund and making distributions to
holders of Allowed Claims are hereby approved and found to be fair and reasonable.
Pursuant to Article XI of the Plan, unless otherwise ordered by the Court, following then

Confirmation Date, the Debtor shall have the right to the exclusion of all others (except

as to applications for allowances of compensation and reimbursement of expenses under

11 U.S.C. §§ 330 and 503 to file objections to Claims and shall serve a copy of each

objection upon the holder of the Claim to which the objection is made as soon as

practicable, but in no event later than the Confirmation Date, provided, however, that any

objections to claims currently pending as of the Confirmation Date filed and/or

prosecuted by third parties as previously authorized by the Court shall be permitted to

continue such objection(s) to Claims unless otherwise ordered by the Court after notice

and a hearing. From and after the Confirmation Date, all objections commenced by the

Debtor or commenced by the Post-Confirmation Debtor shall be litigated to a Final Order

except to the extent the Post-Confirmation Debtor elects to withdraw any such objection

or the Post-Confirmation Debtor and the claimant elect to compromise, settle or

otherwise resolve any such objection, in which event they may settle, compromise or

otherwise resolve any Disputed Claim without approval of the Court.

11.    Pursuant to 11 U.S.C. § 365  and Article X of the Plan: a.) all pre-petition Executory

Contracts of the Debtor which are identified on the schedule of Executory Contracts

Being Assumed annexed to the Plan or which are the subject of a pending application to

assume as of or prior to the Confirmation Date, shall be deemed assumed pursuant to

Bankruptcy Code § 365.  Any defaults shall be cured prior to or on Payment Date; and b.)

all pre-petition Executory Contracts of the Debtor which are not identified on the

schedule of Executory Contracts Being Assumed annexed to the Plan or which are not

the subject of a pending application to assume as of or prior to the Confirmation Date, shall be deemed rejected and of no further force or effect of any nature whatsoever.

12.      Any Person who has a claim against the Debtor by virtue of the operation of Section 10.02 of the Plan may file a Claim with the Clerk of the Court and serve a copy of same upon the Debtor in accordance with the notice provisions of Section 16.02 of the Plan within thirty (30) days following service upon such Person of notice of entry of the Confirmation Order or order authorizing such rejection, whichever is later. If such Claim is not filed within the specified time, it shall be forever barred from assertion against the Debtor and his property.

13.      Pursuant to 11 U.S.C. § 1146(c) and Article XII of the Plan, the issuance, transfer, or exchange of a security under the Plan, or the making or delivery of any deed or instrument of transfer under the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or similar tax.

14.      All holders of Claims against the Debtor that are treated under the Plan are hereby directed to execute, deliver, file or record any document, and to take any action necessary to implement and effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan.

15.      The Debtor, subject to further order of this Court, is hereby authorized to amend or modify the Plan at any time after entry of this Confirmation Order, but only in accordance with 11 U.S.C. § 1127(b) and Section 16.01 of the Plan.

16.     Until the entry of a Final Order concluding the Debtor's chapter 11 case, and except as

otherwise ordered by this Court, this Court shall retain exclusive jurisdiction over the

Debtor and his property pursuant to Article XV of the Plan. On and after the Effective

Date, in accordance with 11 U.S.C. §§ 105(a) and 1142 , this Court retains jurisdiction

over, and if this Court exercises its retained jurisdiction, shall have exclusive jurisdiction

over, all matters arising out of or related to this case and the Plan or which otherwise are

enumerated in Article XV of the Plan, including the following:

a.      to hear and determine any objections to the allowance of Claims;

b.      to determine any and all applications for the retention of and compensation for

Professional Persons and similar fees (Professional Persons employed by the

Debtor's estate after the Payment Date may be paid pursuant to an invoice if there

are no objections to the invoice within ten (10) days after it is served on any

parties requesting notice pursuant to Bankruptcy Rule 2002(I) by regular mail;

provided, that any objection to such an invoice will be heard by the Bankruptcy

Court);

c.      to determine the value of and extent of Secured Claims;

d.      to determine any and all applications, adversary proceedings, and contested or

litigated matters before the Court and pending on the Confirmation Date or

brought after the Confirmation Date;

e.      to  modify the Plan pursuant to § 1127 of the Bankruptcy Code or to remedy any

defect or omission or reconcile any inconsistency in the Confirmation order to the

extent authorized by the Bankruptcy Code;

f.      to hear and determine all matters, controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan, the Confirmation Order, and any other documents executed and delivered in connection with the Plan;

g.      to hear and determine all matters, controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Bankruptcy Case;

h.      to hear and determine any and all matters, controversies and disputes arising under, or in connection with, the Plan;

I.      to adjudicate all controversies concerning the classification of any Claim;

j.      to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

k.      to adjudicate all Claims to a security or ownership interest in any property of the Debtor or in any proceeds thereof;

l.      to adjudicate all Claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor during the pendency of the Bankruptcy Case;

m.      to recover all assets and properties of the Debtor wherever located, including the prosecution and adjudication of all causes of action available to the Debtor as at the Confirmation Date;

n.      to determine all questions and disputes regarding recovery of and entitlement to the Debtor's assets and determine all claims and disputes between the Debtor, and

any other Person, whether or not subject to an action pending as of the
Confirmation Date;

o.      to enter any order, including injunctions, necessary to enforce the title, rights and
powers of the Debtor and to impose such limitations, restrictions, terms and
conditions on such title, rights and powers as the Court may deem necessary or
appropriate;

p.      to enter an order or final decree closing and terminating the Bankruptcy Case;

q.      to make such orders as are necessary or appropriate to carry out the provisions of
the Plan, including but not limited to orders interpreting, clarifying or enforcing
the provisions thereof and/or the Confirmation Order; and

r.      to consider the application of any party in interest to convert the case to one under
chapter 7 of the Bankruptcy Code for cause including the breach or non
compliance by the Debtor of any obligation of the Debtor under the Plan.

17.     Pursuant to Section 16.08 of the Plan, Quarterly fees which are payable to the Office of
the United States Trustee, pursuant to 28 U.S.C. § 1930 which have accrued but not been
paid prior to the Confirmation of the Plan shall be paid by the Debtor not later than the
Confirmation Date of the Plan.  Quarterly fees which are payable to the Office of the
United States Trustee, pursuant to 28 U.S.C. § 1930 which accrue after the Confirmation
of the Plan through the entry of a final decree in this case shall be paid by the Debtor as
they become due.

18.     On or before the tenth (10th) Business Day following the date of entry of this
Confirmation Order, the Debtor shall serve notice of this Confirmation Order pursuant to

Bankruptcy Rule 2002(f)(7), 2002(k) and 3020( c ) on all Creditors,  the United States Trustee, and other parties in interest, by causing notice of entry of the Confirmation Order (the "Notice of Confirmation") to be delivered to such parties by first-class mail, postage prepaid. The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

19.     Within five (5) Business Days following the occurrence of the Effective Date, the Post-Confirmation Debtor shall file notice of the occurrence of the Effective Date with the Court and serve a copy thereof on the parties listed on the Debtor's master service list maintained pursuant to Bankruptcy Rule 2002.

20.     In the event of any inconsistency between the Plan, or any agreement, instrument or document intended to implement the Plan, or this Confirmation Order, the provisions of this Confirmation Order shall govern and shall supersede any such document or order of this Court issued prior to the Effective Date.

21.     The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

22.     The failure specifically to include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provision, it being understood that it is the intent of this Court that the Plan be confirmed and approved in its entirety.

23.     As set forth on the record of the Confirmation Hearing, Section 4.01 of the Plan is hereby amended and superceded as follows:

4.01.    Unclassified Claims: Administration Claims :

Each Allowed Administration Claim shall be paid in full by the Debtor on the

Effective Date in Cash or on such other terms as may be agreed upon by the

holder of such Allowed Administration Claim and the Debtor.  All Allowed

Administration Claims that become due after the Confirmation Date shall be paid

by the Reorganized Debtor when due or on the Payment Date or as soon as

practicable thereafter.

24.     This Confirmation Order incorporates the terms of the Plan.

25.     Disclosure Statement is approved, pursuant to 11 U.S.C. § 1125.

26.     This Confirmation Order is a final order and the period in which an appeal must be filed

shall commence upon the entry hereof.

Dated: New York, New York
        January 26,  2011

_____/s/Martin Glenn_____
            MARTIN GLENN
    United States Bankruptcy Judge