UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                    Chapter 11

GARY B. SCHAEFFER,                                       Case No.  09-17126 (MG)

                             Debtor.

-----------------------------------------------------------X


**CONSENT ORDER PROVIDING FOR DEBTOR'S
OBLIGATIONS FOLLOWING SALE OF INVESTMENT PROPERTY**

        The Court having entered an order on January 26, 2011 confirming the Plan of Reorganization, dated November 19, 2010 ("Plan"), for Gary B. Schaeffer, the above-captioned debtor ("Debtor"); and Article XII of the Plan having provided for the Debtor to sell the property located at Apartment B-1108, 250 Mercer Street, New York ("Investment Property"); and during the hearing held before the Court on April 13, 2011 to consider approval of the proposed sale of the Investment Property, creditor Mrs. Arline Schaeffer ("Mrs. Schaeffer"), by counsel, raised certain concerns regarding the Debtor's post-closing reporting obligations regarding the sale and the use of the sale proceeds; and Court having directed the Debtor and Mrs. Schaeffer to confer by counsel and agree upon post-sale procedures; and on or about April 15, 2011, the Court having entered an order approving the sale of the Investment Property pursuant to section 363 of the Bankruptcy Code and the Plan; and at a status conference held on May 18, 2011, the Court having been informed by the Debtor that the sale of the Investment Property was expected to close on or about May 20, 2011; and the Court having been advised that the Debtor and Mrs. Schaeffer conferred by counsel following the status conference held on May 18, 2011 and agreed upon the post-closing procedures subject to the approval of this Court.

**NOW, THEREFORE**, **IT IS HEREBY ORDERED AS FOLLOWS, on consent of the Debtor and creditor Mrs. Schaeffer**:

1.      Not later than three business days prior to the first scheduled closing of the sale of the Investment Property (as that term is defined in the Debtor's Plan of Reorganization), the Debtor shall provide counsel to Mrs. Schaeffer with a copy of the proposed closing statement showing the anticipated receipt and use of funds.

2.      At the closing, the Debtor may use the funds realized from the sale of the Investment Property to pay the mortgage lien of Emigrant Savings Bank, brokerage commission to Prudential Douglas Elliman, and other necessary costs of closing that are reasonable and usually and customarily paid by a seller of residential real property located in the City of New York.

3.      The funds remaining after payment of the items set forth in paragraph 2 ("Net Proceeds") shall be distributed to creditors at the closing with any balance for reserves held by counsel to the Debtor, Wayne Greenwald, in his IOLA escrow account, at a financial institution that is qualified by the Office of the United States Trustee, for further distribution in accordance with this Order and the Plan.  The Debtor shall not reserve any funds for the payment of the fees and expenses of Debtor's bankruptcy attorney Mr. Greenwald, with any such payments to Mr. Greenwald to be made by distribution to him from the quarterly distributions to be made by the Debtor to other unsecured creditors, on account of any allowed administrative claim granted in favor of Mr. Greenwald by order granting his fee application after due notice.  The funds held in reserve may be distributed to the Debtor as necessary for the Debtor to act as Disbursing Agent under the Plan. Within three business days after the Closing, the Debtor shall file with the Court on the docket of the Debtor's chapter 11 case and serve upon counsel for Mrs. Schaeffer and the

Office of the United States Trustee a report ("Post-Closing Report"), verified by the Debtor under penalty of perjury, (a) setting forth the funds realized, funds disbursed, amount of Net Proceeds and any other salient information arising from or pertain to the Closing, and (b) the Debtor's use of the Net Proceeds to make distributions or create reserves for distribution under the Plan and the timing thereof.

4. The Debtor shall file and serve, in the manner provided in paragraph 4, a report setting forth the status of the Debtor's compliance with the Plan including, without limitation, (a) the distributions made to date under the Plan, (b) the list of allowed and disputed claims and the status of claims objections, (c) the amount of funds held in reserve for disputed claims, (c) any changes in the amount of Net Proceeds, (d) the exact amount of capital gains tax ultimately determined by the Debtor's accountant to be due with respect to the sale of the Investment Property and the exact amount of actual reporting of such amount, and payment of same, to the applicable taxing authority. The Debtor shall update such report at least every six (6) months.

5. This Order shall be effective and enforceable immediately upon entry and shall not be stayed pursuant to Rule 6004(h).

Dated: New York, New York
       May 20, 2011

                                                              **/s/Martin Glenn**
                                                              Honorable Martin Glenn
                                                              United States Bankruptcy Judge